**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ROBERT WILLIAMS,                                    **18-CV-1691 (CM)**

     Plaintiff,                              AMENDED COMPLAINT

     V.                                      JURY TRIAL DEMANDED

CLASSIC SECURITY,
S.L. GREEN REALTY
     Defendant's.



                                                     X

Plaintiff Robert Williams *pro se* ("Plaintiff" or "me" or "I"), by and through this
Complaint against defendants, Classic Security ("Classic") and S.L. GREEN ("SL") hereby
alleges as follows under the necessary pleading requirements to put defendants on notice of what
this litigation entails;

<u>**NATURE OF THE ACTION(S)**</u>

This is an action for declaratory, injunctive and equitable relief, as well as monetary
damages to redress the Defendant's CLASSIC and SL, unlawful business practices against
Plaintiff, including Defendant's violation(s) of Racial and Retaliation Pursuant Title V11 of the
Civil Rights Act of 1964, Age Discrimination in Employment Act of 1967, Equal Rights Under
the Law § 1981, New York State and City Human Rights law.

1.  In accordance to the non-negotiable standard that implies plaintiff should not have
    been subject to any unsubstantiated adverse employment action, the defendants
    provided plaintiff with terms and conditions of employment different from those

of similar employees, harassed plaintiff and retaliated against plaintiff for opposing unlawful conduct.

2. Defendants should have or should have known their conduct was unlawful although Human Resources failed to correct the conduct of its employees and decided to ignore laws that are to provide an Equal Employment Opportunity regardless of one's race and age.

3. Since Defendants did not attempt to honor federal, state and law, employee's rights and their own disseminated standards, race and age cannot be ruled out as a motivating factor at this stage of litigation. Significantly, in accordance to plaintiff's due process rights and equal protection pursuant all laws.

4. Although plaintiff's employment was relatively short, the plaintiff is still protected in accordance to the Rule of Law.

5. Further, the defendant has no objective evidence plaintiff performed his duties in an unsatisfactory manner that would warrant termination under the circumstances.

6. Instead of respecting plaintiff's valuable experience they chose to discriminate and retaliate against plaintiff by denying him significant opportunities due to an unwarranted termination and a pretextual reason for this termination and because plaintiff was simply a new employee in comparison to the decisionmakers involved.

7.  Upon information and knowledge plaintiff does not have to prove race, age and retaliation during the preliminary stage of litigation and should not be held to a standard of such at the pleading stage.

8.  Upon information and knowledge there are multiple ways to demonstrate defendants' acts were motivated by race and /or age.

9.  Plaintiff below pleads his race and age, he was qualified for position, he was subject to an adverse employment action and the adverse action occurred under the circumstances giving rise to an inference of discrimination.

10. Plaintiff also pleads adequately retaliation, he pleads participation in protected activity, defendant knew of protected activity, an adverse employment action and a casual connection between protected and adverse.

11. Defendant's conduct was intentional, knowing, malicious, willful and wanton and /or showed reckless disregard for Plaintiff rights, which has caused and continues to cause Plaintiff to suffer substantial damages, mental anguish and emotional distress.

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights.

2.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful racial discriminatory practices alleged herein, occurred in this district.

## PARTIES

3.  Plaintiff Robert Williams resides at P.O. Box 246 Bronx, New York 10467. At all relevant times. Plaintiff met the definition of a "Plaintiff" under all applicable Statues.

4.  Defendant CLASSIC SECURITY resides at 318 W. 39th Street New York, NY 10018 at all relevant times. Defendant met the definition of a "Defendant" under all applicable Statues.

5.  Defendant S.L. GREEN REALTY resides at 420 Lexington Ave. New York, NY 10170 at all relevant times. Defendant met the definition of a "Defendant" under all applicable Statues.

## PROCEDURAL REQUIREMENTS

6.  There are Statuary prerequisites to Plaintiff's Federal Claims.

7.  All prerequisites to the filing of this suit have been met.

## FACTUAL ALLEGATIONS

4

8.  Plaintiff is an African American male over the age of 40 who was hired as a Security Officer by Classic Security Services, within the intention of being assigned to the Joint Employer S.L. GREEN REALTY at 485 Lexington Ave. New York, NY and 750 Third Ave, New York, NY.

9.  This work site were two interrelated buildings via internal hallway that each had separate entrances and exits.

10. Plaintiff worked a 40 Hour weekly schedule set by the defendant on or around January 2, 2016. A full-time employee

11. While plaintiff worked for Classic plaintiff did not have any "deserved" and "legally substantiated" disciplinary write ups, verbal warnings or poor performance reviews in accordance to his job performance, conduct and/or professionalism.

12. Therefore, plaintiff was qualified as a Security Officer and performed his role and duties of his job description.

13. Upon information and knowledge Classic and SL failed to consider federal, state and city laws in treating plaintiff pursuant their unlawful treatment and unlawful termination of plaintiff at least in part and contribution.

14. Due to their conduct plaintiff was not afforded a "full and fair" opportunity as an employee and as a human being bestowed with legal rights.

15. Simultaneously, defendants should or should have known their actions and inactions were not fair, lawful and professional.

16. Upon information and knowledge defendants failed to train their employees how to treat their employees with respect, dignity and lawfully.

17. Further, if they have been trained in such matters, their employees failed to exercise such training deliberately pursuant the factual allegations put forth.

18. Upon information and knowledge Corporate Headquarters and Human Resources of both defendants failed to correct their unlawful conduct in a timely manner at the time of notice of their unlawful conduct on or around February/March by Plaintiff in the year 2016, they decided to let it ride.

19. This irrefutably compromised at bare minimum "fairness" and an "equal employment opportunity" within their mandatory obligation of "terms and conditions".

20. Upon information and knowledge human resources failed to protect the best interest of all parties including the most important the plaintiff under the circumstance by rendering poor judgment and allowing the unlawful acts to foster, develop and conclude.

21. They failed to intervene in a "meaningful" and "mandatory" fashion although knowing the requirements of an Equal Employment Opportunity they disseminate in their own internal company policy manual.

22. The series of unlawful conduct began on or around January 21, 2016 when plaintiff went to pick up his weekly paycheck.

23. Although, plaintiff has been working for at least three weeks and was paid in a timely manner, this specific pay period, plaintiff was informed, no paycheck was generated for plaintiff's previous 40-hour work week.

24. Plaintiff found this to be unacceptable and unprofessional since defendant Classic acknowledged plaintiff did work his 40-hour work schedule the previous week.

25. Plaintiff asked to speak to someone about this matter and spoke with Scheduling Supervisor "Jerimiah". This individual informed plaintiff to come back the following day to pick up his paycheck.

26. The very next day plaintiff arrived at 8:00 am the time allowed for employees to pick up their checks. Plaintiff was then informed his check will not be made available until after 3:00 pm.

27. Plaintiff informed administration why wasn't plaintiff told this the previous day. Meaning, the paycheck will not be available until 3:00 pm.

28. Classic treated the incident in unprofessional mannerism and as if plaintiff was not entitled by law to be paid on the agreed upon Pay Day Notice.

29. Upon knowledge and information, since they had evidence plaintiff performed work and was legally entitled to his pay, they had the resources to expediate the processing of his check. Which takes less than five minutes to generate a computer processed paycheck.

30. This paycheck in accordance to the law should have been generated the previous day for defendant to follow state law.

31. During the interim of 3:00 pm and 5:00 pm Plaintiff spoke with Jerimiah again and explained to him this is wrong and if this ever happens again plaintiff is going to make a complaint with the Department of Labor for the company's violation of not being paid on the designated day for pay to all employees.

32. Plaintiff in good faith demonstrated good character by giving defendant a free ride for this violation of state law.

33. Plaintiff in good-faith also found this to be a form of employment discrimination within the terms and conditions of employment. This communication between plaintiff and "Jerimiah" constitutes plaintiff's opposition to the activity.

34. Under the circumstances "Jerimiah's" comment mistakes happen also acknowledges the violation in question.

35. More, this acknowledgement demonstrates classic has deviated inexplicably from one of its standard business practice and New York State law. Plaintiff's opposition about this discriminatory act to the supervisor against an unlawful practice constitutes protected activity.

36. Further, the communication between plaintiff and "Jerimiah may be informal and need not include legal terminology, if circumstances, demonstrate plaintiff is conveying opposition or resistance to a perceived potential EEOC violation.

37. Plaintiff has a right to have an equal employment opportunity, free from discrimination. Plaintiff is entitled to his pay in a timely manner on pay day just as all other employees are. Pursuant the Notice and Acknowledgement of Pay Rate and Payday of New York State Labor Law.

38. In accordance, to the Department of Labor, not being paid on designated payday means one has worked for free, a serious element of concern and violation. Additionally, even if the check is late beyond payday.

39. In accordance to this New York State Law Classic engaged in illegal activity, since manual workers, such as plaintiff, must be paid no later than seven days after the work has been performed.

40. Among other things, plaintiff after making his good -faith complaint to the company representative Jerimiah, plaintiff was subject to adverse actions by Classic and SL under race and age discrimination and retaliation.

41. Among other things, as well, the reason given by defendants for plaintiff being removed from schedule was unauthorized and pretextual to cover unlawful discrimination and retaliation.

42. Among other things, plaintiff did not engage in any conduct which violated company policy, let alone, warrant termination.

43. Plaintiff worked the overnight shift Monday -Friday 12.00 am-8:00 am.

44. Security Officers relieved 15 minutes prior to the ending of a shift. (11:45 pm) (3:45 pm) and (7:45 am).

45. On or around February 12, 2016, Supervisor Jose the work site supervisor asked plaintiff if on February 15, 2016 (Presidents Day) if plaintiff could work the scheduled 12:00 am -8:00 am Monday shift and return Monday at 4:00 pm -12:00 and then 12:00 am -8:00 am. A double shift.

46. Although Supervisor Jose worked during the 8:00 am to 4:00 pm shift, plaintiff would briefly see Jose during the change of shifts, on or around 7:45 am.

47. Supervisor Jose supervised on or around 12 Security Officers during his shift.

48. During plaintiff's overnight shift there was no supervisor on site, plaintiff was the only employee representing and working for Classic Security.

49. Plaintiff also did not have a relief for this position and could stand down on or around 7:45 am to change out of uniform and leave. This was inherited from the

first day plaintiff worked at this specific site, making it common knowledge for SL and Classic personnel.

50. Plaintiff began his shifts and relieved at 11:45 pm within the compliance of respecting fellow officers. Moreover, 11:45 pm -7:45 am totals 8 hours.

51. Any attempts to hold plaintiff past his 8 hours by defendants would be a violation of Labor Laws, significantly, if plaintiff would not be paid for the additional 15 minutes plaintiff was subjected to.

52. During the overnight shift my role was to relieve the two Fire Safety Directors. One was posted on the Lexington Ave entrance and exit. The other was posted on the Third Ave. entrance and exit, whose name is Trevor.

53. On February 15, reported to work and commenced his tour, performing his normal duties.

54. On or around 7:30 am near completion of plaintiff's shift plaintiff realized Jose will not be reporting to work due to the holiday. At this time plaintiff, who does not have a relief and since he would have to return to work by 3:45 pm to relieve an officer, and begin a double shift, would sign out between 7:30 and 7:35.

55. Plaintiff changed to his civilian clothes and began to exit the building Trevor, a Fire Safety Director for SL, phoned the other Fire Safety Director at the Lexington Ave. Entrance/Exit.

56. This Other Director (name unknown) informed plaintiff the phone call is for you. Trevor informed plaintiff that he could not leave because plaintiff must wait for his relief. Plaintiff has no relief.

57. Although, Trevor attempted to restrict plaintiff's ability to leave, Trevor informed plaintiff if he leaves he is going to write plaintiff up as if he was working in a supervisory role for Classic.

58. Trevor was not authorized to write plaintiff up in a disciplinarian manner.

59. Upon information and knowledge, Trevor also works for Classic as a field supervisor for about the last 5-10 years. Moreover, at this time Trevor was being paid as a Fire Safety Director for SL having no employee relationship with plaintiff. Significantly, to reprimand plaintiff.

60. Further, other similarly employees of other races, gender, and under the age of 40 are not reprimanded when its time for them to go home. Whether one has a relief or not.

61. Trevor called plaintiff's dispatcher and made an unsubstantiated complaint against plaintiff, painting a picture as if plaintiff violated a Classic code of conduct policy.

62. Further, since Trevor had been employed with Classic for some time, Classic deviated from company protocol and the established rights of plaintiff by treating plaintiff in a manner as if plaintiff did something wrong. Giving unfairly and unlawful weight to Trevor's frivolous concerns since plaintiff was employed at classic for on or around two months.

63. In addition, SL policy for their tenants, employees, contracted employees and quests if they have any concerns they are to be raised with SL Property Management Office. Whom then administratively concludes on a matter.

64. SL a Joint-Employer has deviated inexplicably from one of its standard business practice.

65. In further support plaintiff did not engage in any violation of company policy plaintiff performed the double shift beginning February 15, at 4:00pm-12:00am and 12:00 am to 8:00 am.

66. On February 16 on or around 7:45 am Supervisor Jose arrived at work and informed plaintiff Jerimiah has taken plaintiff of the schedule and plaintiff should report to the office.

67. Significantly, as if plaintiff has done something wrong that requires his removal off the schedule by Jerimiah.

68. Among other things, Jerimiah is not authorized to remove plaintiff from schedule, such an act must be authorized by Human Resources and or the Account Manager. Just as he also must receive the names from the Account manager or Human Resources to add employees to the schedule.

69. Jerimiah's duties are limited to maintaining the schedule via Human Resources and Account Manager.

70. Jerimiah took matters in his own hands without conferring with upper management in removing plaintiff arbitrarily ad capriciously from the work schedule. He failed to inform Human Resources and the Account Manager of the nature of the "perceived" unsubstantiated matter. Under the circumstances, to allow upper management to lawfully remedy the perceived unsubstantiated situation.

71. Further, if plaintiff violated any perceived code of conduct Human Resources or the Account Manager is to inform plaintiff of the matter and their decision to remove plaintiff from schedule if deserved.

72. Classic again has deviated inexplicably from one of its own standard business practice.

73. Another example, of this inexplicably deviation rest on company policy and law disseminate an employer is to get a statement from the employee to their side of the story, an employee is to be informed what are the charges and what one is facing regarding discipline before removal.

74. This is inconsideration that employs consideration of all facts to make a substantiated determination.

75. More importantly, this standard is applied categorically to acts that are deemed gross misconduct. Here, plaintiff violated no company policy to support the termination of plaintiff.

76. Always the more, the stated reason for termination is not true and cannot be supported pursuant plaintiff having not violating any company policy of Classic and SL.

77. Among other things, SL Fire Safety Director contributed, at least in part, to the unlawful discrimination and retaliation.

78. Moreover, SL failed to correct Trevor and instruct him he went outside his role of Fire Safety Director, because he was not working for Classic.

79. The stated reason for termination is a pretext to cover unlawful discrimination and retaliation.

80. The reason stated for termination relies upon mendacity, under the circumstances, plaintiff violated no company code of conduct policy of Classic and/or SL.

81. Classic Human Resources failed to correct Jerimiah of his conduct via letter dated on or around March 2016. Significantly, they decided it was not important enough to abide by federal, state and city law, when given the opportunity to correct.

82. SL Human Resources also failed to correct Trevor and Classic of the matter via letter dated on or around March 2016. Significantly, they decided it was not important enough to abide by federal, state, and city law, when given the opportunity to correct.

83. Both Classic and SL Human Resources collaborated to let it ride, it will go away.


84. *AS FOR A FIRST CAUSE OF ACTION- RACIAL DISCRIMINATION*

85. Plaintiff hereby repeats and re-alleges each allegation in paragraphs 1-83, inclusive, as if fully set forth herein.

86. Plaintiff is a member in a protected class.

87. The plaintiff was qualified for position.

88. The plaintiff was rejected for position.

89. After rejecting plaintiff, defendant continued to look for or replaced plaintiff.

90. Defendant is in violation of 42 U.S.C. § 2000e by denying him equal terms and conditions and unlawfully denying him his protected rights to be free from racial discrimination.

91. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of 42 U.S.C. § 2000e Plaintiff has suffered and continues to suffer

mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress, loss of self-esteem and self-confidence and emotional pain and suffering and all the other elements of the garden variety the court recognizes for which Plaintiff is entitled to an award of compensatory damages.

92. Defendant's unlawful discriminatory actions constitute intentional, malicious, willful and wanton violations of 42 U.S.C. § 2000e for which Plaintiff is entitled to an award of punitive damages.


### AS FOR A SECOND CAUSE OF ACTION-RETALIATION

93. Plaintiff hereby repeats and re-alleges each allegation in paragraphs 1-83, inclusive, as if fully set forth herein.

94. Plaintiff is a member in a protected class.

95. The plaintiff was qualified for position.

96. The plaintiff was subject to an adverse action.

97. There is a casual connection with adverse action and protected activity.

98. Defendant is in violation of 42 U.S.C. § 2000d by denying him equal terms and conditions and unlawfully denying him his protected rights to be free from racial discrimination.

99. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of 42 U.S.C. § 2000d Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress, loss of self-esteem and self-confidence and emotional pain

and suffering and all the other elements of the garden variety the court recognizes
for which Plaintiff is entitled to an award of compensatory damages.

100.     Defendant's unlawful retaliation actions constitute intentional, malicious,
willful and wanton violations of 42 U.S.C. § 2000d for which Plaintiff
is entitled to an award of punitive damages.

### FOR A THIRD CAUSE OF ACTION-AGE DISCRIMINATION

101.     Plaintiff hereby repeats and re-alleges each allegation in paragraphs 1-83,
inclusive, as if fully set forth herein.

102.     Plaintiff belongs to protected age class.

103.     Plaintiff suffered an adverse action.

104.     Plaintiff was qualified for position.

105.     Plaintiff was replaced by younger individual outside of protected class.

106.     Defendant is in violation of 29 U.S.C. §§ 621-634 by denying him equal
terms and conditions and unlawfully denying him his protected rights to be free
from age discrimination.

107.     As a direct and proximate result of Defendant's unlawful discriminatory
conduct in violation of 29 U.S.C. §§ 621-634 Plaintiff has suffered and continues
to suffer mental anguish and emotional distress, including but not limited to
humiliation, embarrassment, stress, loss of self-esteem and self-confidence and
emotional pain and suffering and all the other elements of the garden variety the
court recognizes for which Plaintiff is entitled to an award of compensatory
damages.

108. Defendant's unlawful discriminatory actions constitute intentional, malicious, willful and wanton violations of 29 U.S.C. §§ 621-634 for which Plaintiff is entitled to an award of punitive damages.

## AS FOR A FOURTH CAUSE OF ACTION- EQUAL RIGHTS UNDER LAW

109. Plaintiff hereby repeats and re-alleges each allegation in paragraphs 1-83, inclusive, as if fully set forth herein.

110. Defendant is in violation of 42 U.S.C. § 1981 by denying him equal terms and conditions and unlawfully denying him his protected rights to be free from age discrimination.

111.     As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of 42 U.S.C. § 1981 Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress, loss of self-esteem and self-confidence and emotional pain and suffering and all the other elements of the garden variety the court recognizes for which Plaintiff is entitled to an award of compensatory damages.

112.     Defendant's unlawful discriminatory actions constitute intentional, malicious, willful and wanton violations of 42 U.S.C. § 1981 for which Plaintiff is entitled to an award of punitive damages.

## AS FOR A FIFTH CAUSE OF ACTION-STATE HUMAN RIGHTS

113.     Plaintiff hereby repeats and re-alleges each and every allegation in paragraphs 1-83, inclusive, as if fully set forth herein.

114.    Defendant is in violation of New York State Human Rights Law, N.Y. Exec. Law §§ 290-297 by denying him equal terms and conditions and unlawfully denying him his protected rights to be free from age discrimination.

115.    As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of New York State Human Rights Law, N.Y. Exec. Law §§ 290-297 Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress, loss of self-esteem and self-confidence and emotional pain and suffering and all the other elements of the garden variety the court recognizes for which Plaintiff is entitled to an award of compensatory damages.

116.    Defendant's unlawful discriminatory actions constitute intentional, malicious, willful and wanton violations of New York State Human Rights Law, N.Y. Exec. Law §§ 290-297 for which Plaintiff is entitled to an award of punitive damages

## AS FOR A SIXTH CAUSE OF ACTION-CITY HUMAN RIGHTS

117.    Plaintiff hereby repeats and re-alleges each allegation in paragraphs 1-83, inclusive, as if fully set forth herein.

118.    Defendant is in violation of New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 by denying him equal terms and conditions and unlawfully denying him his protected rights to be free from age discrimination.

119.    As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 Plaintiff has suffered and continues to suffer mental anguish and

emotional distress, including but not limited to humiliation, embarrassment, stress, loss of self-esteem and self-confidence and emotional pain and suffering and all the other elements of the garden variety the court recognizes for which Plaintiff is entitled to an award of compensatory damages.

120.     Defendant's unlawful discriminatory actions constitute intentional, malicious, willful and wanton violations of New York City Human Rights Law, City Admin. Code §§ 8-101 for which Plaintiff is entitled to an award of punitive damages

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that the Court enter judgment in Plaintiff's favor and against defendant, containing the following relief:

A.  A declaratory judgment that the actions, conduct and practices of Defendant complained of herein violate the laws of the United States;

B.  An injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

C.  An order directing defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment and otherwise unlawful conduct.

D.  An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including but not limited to, compensation for mental anguish, humiliation, embarrassment, stress and anxiety, inconvenience, emotional pain and suffering, emotional distress and the other garden variety injuries the court recognizes;

E.  An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

F.  An award of punitive damages;

G.  Such other and further relief as the Court may deem just and proper

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: Bronx, New York

August 3, 2018

Respectfully Submitted,

Robert Williams

EEOC Form 161 (11/16)

Case 1:18-cv-01691-JPO   Document 7   Filed 08/03/18   Page 18 of 16

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

To:    Robert M. Williams
       P.O. Box 246
       Bronx, NY 10467

From:  New York District Office
       33 Whitehall Street
       5th Floor
       New York, NY 10004

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2017-01437 | Roxanne Zygmund, Investigator | (212) 336-3764 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_Kevin J. Berry_ (R3)

NOV 28 2017

Enclosures(s)

Kevin J. Berry,
District Director

(Date Mailed)

cc:
       Director of Human Resources
       CLASSIC SECURITY LLC
       318 West 39th Street
       New York, NY 10018