UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: August 24, 2018
```

ROBERT WILLIAMS,

                Plaintiff,

-against-

CLASSIC SECURITY; S.L. GREEN REALTY,

                Defendants.

18-CV-1691 (KBF)

ORDER OF SERVICE

KATHERINE B. FORREST, United States District Judge:

    Plaintiff brings this pro se action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634, 42 U.S.C. § 1981, the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297, and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131, alleging that his joint employers discriminated and retaliated against him based on his race and age.  By order dated March 16, 2018, the Court granted Plaintiff's request to proceed in forma pauperis.  (ECF No. 3.)

I. DISCUSSION

    A.  Service by Plaintiffs Proceeding In Forma  Pauperis

    Because Plaintiff has been granted permission to proceed in forma pauperis, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. See 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [in forma pauperis] cases."); Fed. R. Civ. P. 4(c)(3) (requiring the court

to order service by the U.S. Marshals Service if a plaintiff is authorized to proceed in forma pauperis).

While entitled to assistance from the U.S. Marshals Service, Plaintiff remains generally responsible for two actions related to service.  First, it is Plaintiff's responsibility to ensure that service is made **within ninety days of the date the summons is issued** and, if necessary, to request an extension of time for service.  See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012); see also Murray v. Pataki, 378 F. App'x 50, 51-52 (2d Cir. 2010) (explaining that any failure by the U.S. Marshals Service to effect service "automatically constitutes 'good cause' for an extension of time" as long as the plaintiff provides information necessary to identify the defendant).  Second, Plaintiff must notify the Court in writing if his address changes, as the Court may dismiss the action if Plaintiff fails to do so.

      B.  Service on Known Defendants

To allow Plaintiff to effect service on Defendants Classic Security and S.L. Green Realty through the U.S. Marshals Service, the Clerk of the Court is directed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for each of these defendants.  The Clerk of Court is further instructed to issue a summons and deliver to the U.S. Marshals Service all of the paperwork necessary for the U.S. Marshals Service to effect service upon these defendants.

II. CONCLUSION

It is hereby **ordered**:

1. The Clerk of the Court shall mail a copy of this order to Plaintiff, together with an information package.

2. The Clerk of the Court shall complete USM-285 forms with the addresses for Classic Security and S.L. Green Realty and deliver all documents necessary to effect service to the U.S. Marshals Service.

SO ORDERED.

Dated:     New York, New York
           August 24, 2018

                                        _____
                                        KATHERINE B. FORREST
                                        United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

Classic Security
318 W. 39th Street
New York, NY 10018

S.L. Green Realty
420 Lexington Ave.
New York, NY 10170