UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
ROBERT WILLIAMS,

        Plaintiff,

        v.

CLASSIC SECURITY,
S.L. GREEN REALTY,

        Defendants.
------------------------------------------------------------- X

Case No.: 18-cv-1691 (JPO)

# MEMORANDUM OF LAW
# IN SUPPORT OF DEFENDANT CLASSIC SECURITY, LLC'S
# MOTION TO DISMISS THE AMENDED COMPLAINT

TANNENBAUM HELPERN SYRACUSE
& HIRSCHTRITT LLP

Andrew W. Singer
Andrew P. Yacyshyn
900 Third Avenue
New York, New York 10022
Telephone: (212) 508-6700
Facsimile: (212) 371-1084
singer@thsh.com
yacyshyn@thsh.com

*Attorneys for Defendant Classic Security, LLC*

Dated: November 9, 2018

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................. II

PRELIMINARY STATEMENT ............................................................................................. 1

STATEMENT OF FACTS ...................................................................................................... 2

ARGUMENT ........................................................................................................................... 6

    I.    APPLICABLE PLEADING STANDARDS ON A MOTION TO DISMISS ....... 6

    II.    PRIMA FACIE CASE OF DISCRIMINATION AND RETALIATION UNDER TITLE VII, § 1981, ADEA, NYSHRL AND NYCHRL ........................................ 8

    III.    PLAINTIFF'S AMENDED COMPLAINT DOES NOT ALLEGE FACTS SUFFICIENT TO STATE A CAUSE OF ACTION FOR DISCRIMINATION OR RETALIATION AGAINST CLASSIC ........................................................... 9

    IV.    PLAINTIFF HAS FAILED TO PLAUSIBLY ALLEGE A HOSTILE WORK ENVIRONMENT .................................................................................................. 12

    V.    PLAINTIFF SHOULD NOT BE GIVEN FURTHER LEAVE TO REPLEAD .. 14

CONCLUSION ...................................................................................................................... 15

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                                                      **Page(s)**

*Alfano v. Costello*
   294 F.3d 365 (2d Cir. 2002) ................................................................................................ 12

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009) ................................................................................................... *passim*

*Beale v. Mount Vernon Police Dep't*
   895 F.Supp.2d 576 (S.D.N.Y. 2012) .................................................................................. 13

*Bell Atl. Corp. v. Twombly*
   550 U.S. 544 (2007) .............................................................................................. 6, 7, 10

*Betterson v. HSBC Bank, USA, N.A.*
   139 F.Supp.3d 572 (W.D.N.Y. 2015) *aff'd* 661 F.App'x 87 (2d Cir. 2016 ............................. 9

*Bickerstaff v. Vassar Coll.*
   196 F.3d 435 (2d Cir. 1999, as amended on denial of reh. (Dec. 22, 1999) ......................... 10

*Brown v. Coach Stores*
   163 F.3d 706 (2d Cir. 1998) .............................................................................................. 13

*Brown v. Daikin Am., Inc.*
   756  F.3d 219 (2d Cir. 2014) ............................................................................................... 8

*Chavis v. Chappius*
   618 F.3d 162 (2d Cir. 2010) .............................................................................................. 14

*Chin v. N.Y.C. Hous. Auth.*
   106 A.D.3d 443 (1st Dep't 2013), appeal denied, 22 N.Y.3d 861 (2014) ............................... 8

*Costello v. New York State Nurses Ass'n*
   783 F.Supp. 2d 656 (S.D.N.Y. 2011) ................................................................................. 13

*Davis-Bell v. Columbia Univ.*
   851 F.Supp.2d 650 (S.D.N.Y. 2012) .................................................................................. 14

*Delaney v. Bank of Am. Corp.*
   766 F.3d 163 (2d Cir. 2014) ................................................................................................ 8

*Garcia v. Henry St. Settlement*
   501 F. Supp. 2d 531 (S.D.N.Y. 2007) ........................................................................... 10, 11

*Graham v. Long Island R.R.*
   230 F.3d 34 (2d Cir. 2000) ................................................................................................... 9

*Hernandez v. City of New York*
   No. 11 Civ. 3521 (SJ) (RER), 2013 WL 593450, at *4 (E.D.N.Y. Feb. 13, 2013 ................... 10

*Jackson v. N.Y.S. Dep't of Labor.*
   709 F.Supp.2d 218 (S.D.N.Y. 2010) .................................................................................... 7

*Kelly v. Howard I. Shaprio & Assocs. Consulting Engineers, P.C.*
   716 F.3d 10 (2d Cir. 2013) ................................................................................................... 9

*Littlejohn v. City of New York*
   795 F.3d 297 (2d Cir. 2015) ........................................................................................ *passim*

*McDonnell Douglas Corp. v. Green*
   411 U.S. 792 (1973).......................................................................................................... 7,8

*McGuinness v. Lincoln Hall*
   263 F.3d 49 (2d Cir. 2001) ................................................................................................. 10

*Nieblas-Love v. New York City Hous. Auth.*
   165 F.Supp.3d 51 (S.D.N.Y. 2016) ..................................................................................... 9

*Nieves v. Angelo, Gordon & Co.*
   341 F. App'x 676 (2d Cir. 2009) ........................................................................................ 11

*Podany v. Robertson Stephens, Inc.*
   350 F.Supp.2d 375 (S.D.N.Y. 2004) ................................................................................... 7

*Regnante v. Sec. & Exch. Officials*
   134 F.Supp.3d 749 (S.D.N.Y. 2015) ................................................................................... 14

*Rozenfeld v. Dep't of Design & Const. of N.Y.C.*
   875 F.Supp.2d 189 (E.D.N.Y. 2012) ................................................................................... 14

*Ruiz v. County of Rockland*
   609 F.2d 486 (2d Cir. 2010) ................................................................................................. 9

*Simmons v. Akin Gump Strauss Hauer & Feld, LLP*
   508 F.App'x 10 (2d Cir. 2013) ............................................................................................ 8

*Traguth v. Zuck*
   710 F.2d 90 (2d Cor. 1983).................................................................................................. 7

iii

*Triestman v. Fed. Bureau of Prisons*
    470 F.3d 471 (2d Cir. 2006) .................................................................................................. 7

*Vivenzio v. City of Syracuse*
    611 F.3d 98 (2d Cir. 2010) .................................................................................................... 8

*Williams v. N.Y.C. Hous. Auth.*
    61 A.D.3d 62 (1st Dep't 2009) ............................................................................................ 13

*Zapolski v. Fed. Republic of Germany*
    425 F.App'x 5, 6 (2d Cir. 2011) ............................................................................................ 7

**PRELIMINARY STATEMENT**

Defendant Classic Security, LLC ("Classic") respectfully submits this memorandum of law in support of its motion to dismiss the Amended Complaint filed by Plaintiff *pro se* Robert Williams on August 3, 2018 (ECF Doc. #7) (the "Amended Complaint") pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) for failure to state a claim upon which relief may be granted. Accompanying this memorandum of law is the Declaration of Andrew W. Singer, Esq. dated November 9, 2018.

Plaintiff, a former security officer of Classic, commenced this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), Section 1981 of the Civil Rights Act of 1866 ("§ 1981"), the Age Discrimination in Employment Act of 1967 ("ADEA") and the New York State and New York City Human Rights Laws ("NYSHRL" and "NYCHRL" respectively), claiming that he was subjected to discrimination on the basis of his race and age and retaliation for complaining about receiving a late paycheck. Plaintiff's claims appear to solely focus on allegations that Plaintiff was paid one day late by mistake on one occasion and, on another occasion, was instructed by a supervisor not to leave his shift early.

As set forth herein, Plaintiff's Amended Complaint should be dismissed. The Amended Complaint is so lacking in factual allegations as to raise the question of whether Plaintiff has met the plausibility requirements under *Twombly* and *Iqbal*, even after recent Second Circuit pronouncements. Plaintiff fails to state a cause of action as Plaintiff has failed to plead any facts related to his race or age, rather than conclusory allegations, that render plausible even a minimal inference of discrimination or retaliation, and similarly, the actions alleged are utterly insufficient to infer any discriminatory animus, let alone rise to a level sufficiently severe or pervasive to support any potential hostile work environment claim.

Accordingly, the Amended Complaint should be dismissed for failure to state a cause of action for each of the claims alleged.

## STATEMENT OF FACTS[1]

Plaintiff is a man over the age of 40 and self-identifies as "African American." Amended Complaint ¶ 8.[2] Plaintiff alleges he was hired by Classic on or about January 2, 2016, to work as a security officer at SL Green Realty Corp. ("SL Green") at 485 Lexington Avenue, New York, NY and 750 Third Avenue, New York, NY, which are interrelated buildings connected by an internal hallway with their own entrances and exits. *Id.* ¶¶ 8, 10. Plaintiff alleges he worked the overnight shift from 12:00 am to 8:00 am, Monday through Friday. *Id.* ¶ 43.

Plaintiff first alleges that there was unlawful conduct on or around January 21, 2016, when Plaintiff went to pick up his paycheck. *Id.* ¶ 22. Plaintiff states that he had been working for at least three weeks and "was paid in a timely manner" but "this specific pay period" he was informed "no paycheck was generated for [his] previous 40-hour work week." *Id.* ¶ 23. Plaintiff alleges he spoke to Scheduling Supervisor Jerimiah who informed Plaintiff to come back the following day to pick up his paycheck. *Id.* ¶ 25. Plaintiff alleges that he arrived the following day "at 8:00 am the time allowed for employees to pick up their checks," but Plaintiff was told his check will not be available until after 3:00 pm. *Id.* ¶ 26.

Plaintiff alleges that between 3:00 pm and 5:00 pm "Plaintiff spoke with Jerimiah again and explained to him this is wrong and if this ever happens again plaintiff is going to make a

---

[1] This statement of facts is derived from the allegations in, and exhibits annexed to, the Amended Complaint herein and Plaintiff's factual allegations are assumed to be true for purposes of this motion to dismiss only.

[2] Unless indicated otherwise, the paragraph numbers of the Amended Complaint cited herein refer to the numbered paragraphs that begin under the "Jurisdiction and Venue" heading in the Amended Complaint. The Amended Complaint begins with paragraph numbers 1 through 11 under the "Nature of Action(s)" heading and then restarts with paragraph number 1 under the "Jurisdiction and Venue" heading.

complaint with the Department of Labor for the company's violation of not being paid on the designated day for pay to all employees." *Id.* ¶ 31. Plaintiff alleges that this communication between Plaintiff and Jerimiah constitutes "plaintiff's opposition to the activity" and "Plaintiff's opposition about this discriminatory act to the supervisor against an unlawful practice constitutes protected activity." *Id.* ¶¶ 33, 35. Plaintiff further alleges that his communication with Jerimiah demonstrates that Plaintiff is "conveying opposition or resistance to a perceived potential EEOC violation." *Id.* ¶ 36. However, Plaintiff does not allege what EEOC violation he is referring to or how he resisted an EEOC violation. Rather, Plaintiff alleges that he is "entitled to his pay in a timely manner on pay day just as all other employees are. Pursuant the Notice and Acknowledgement of Pay Rate and Payday of New York State Labor Law." *Id.* ¶ 37. Moreover, Plaintiff does not allege whether or not other employees received a late paycheck this week.

Plaintiff alleges that after making this complaint to Jerimiah, Plaintiff was "subject to adverse actions by Classic and [SL Green] under race and age discrimination and retaliation." *Id.* ¶ 40. However, Plaintiff does not provide any factual allegations or detail as to how the alleged actions were based on his race or age. Instead, Plaintiff states that he "did not engage in any conduct which violated company policy, let alone, warrant termination" and that the reason Defendants removed Plaintiff from the work schedule was "unauthorized and pretextual to cover unlawful discrimination and retaliation." *Id.* ¶ 42. Significantly, however, Plaintiff also admits that he left a shift early without notifying anyone at Classic or SL Green and without any other security officer to relieve him of his duties. *Id.* ¶¶ 49, 54.

Specifically, Plaintiff alleges that his supervisor, Jose, asked Plaintiff if he could work the scheduled 12:00 am – 8:00 am shift on Monday, February 15, 2016 (President's Day), and return that same day to work a double shift from 4:00 pm to 12:00 am and then from 12:00 am to 8:00

-3-

am on Tuesday, February 16, 2016. *Id.* ¶ 45. Plaintiff alleges that security officers are relieved 15 minutes prior to the end of a shift (i.e., 11:45 pm, 3:45 pm, and 7:45 am). *Id.* ¶ 44.

Plaintiff alleges that he reported to work and performed his normal duties during his overnight shift from 12:00 am to 8:00 am on February 15, 2016. *Id.* ¶¶ 52-53. Plaintiff alleges that he did not have relief for this position but says he "could stand down on or around 7:45 am to change out of uniform and leave." *Id.* ¶ 49. However, Plaintiff alleges that "[o]n or around 7:30 am near completion of plaintiff's shift plaintiff realized Jose will not be reporting to work" and alleges that "[a]t this time plaintiff, who *does not have a relief* and since he would have to return to work by 3;45 pm [*sic.*] to relieve an officer, and begin a double shift, would sign out between 7:30 and 7:35." *Id.* ¶ 54 (emphasis added). While Plaintiff does not explain why he believes he did not have relief, he admits that he knowingly left his job early without anyone to cover his position.

Plaintiff alleges that as he began to exit the building, Trevor, a fire safety director for SL Green, phoned the other fire safety director at the Lexington Avenue entrance of the building to speak with Plaintiff. *Id.* ¶¶ 55-56. Plaintiff alleges that Trevor also works for Classic as a field supervisor for about the last 5-10 years but "at this time Trevor was being paid as a Fire Safety Director for [SL Green] having no employee relationship with plaintiff." *Id.* ¶ 59. Plaintiff alleges that Trevor told Plaintiff he could not leave because he must wait for his relief and said he would "write plaintiff up" if he left. *Id.* ¶¶ 56-57. Plaintiff alleges that Trevor made an unsubstantiated complaint against Plaintiff to Plaintiff's dispatcher at Classic. *Id.* ¶ 61. Importantly, Plaintiff claims that Classic gave "unfairly and unlawful weight to Trevor's frivolous concerns since plaintiff was employed at classic for on or around two months." *Id.* ¶

-4-

62. Accordingly, Plaintiff seems to allege – regardless of his race, age or other protected class status – that he was disciplined because he worked for Classic for only about two months.

Plaintiff claims "similarly employees of other races, gender, and under the age of 40 are not reprimanded when its time for them to go home. Whether one has a relief or not." *Id.* ¶ 60. However, Plaintiff acknowledges that he signed out between 7:30 am and 7:35 am – which is earlier than the time Plaintiff alleges he was allowed to leave. *Id.* ¶¶ 54, 49. Moreover, Plaintiff does not provide any further detail regarding such similar employees of other races, gender, and under the age of 40. Nor does Plaintiff state the race, color or age of Trevor.

Plaintiff alleges that he reported back to work later that Monday to perform his scheduled double shift. *Id.* ¶ 65. Plaintiff further alleges that on February 16, 2016, around 7:45 am (near the end of the double shift), Supervisor Jose arrived at work and informed Plaintiff he was being taken off the schedule and should report to the office. *Id.* ¶ 66. Plaintiff does not state whether or not he complied with his supervisor's request to report to the office. Nevertheless, Plaintiff claims that "an employer is to get a statement from the employee to their side of the story, an employee is to be informed what are the charges and what one is facing regarding discipline before removal." *Id.* ¶ 73.

Plaintiff claims "the stated reason for termination is not true and cannot be supported pursuant plaintiff having not violating any company policy of Classic and [SL Green]" and that the "stated reason for termination is a pretext to cover unlawful discrimination and retaliation." *Id.* ¶¶ 76, 79. However, at no point does Plaintiff even allege the stated reason for his termination.

Plaintiff has not made one allegation of conduct or words spoken directed at his race, age, or any other protected characteristic. Instead, Plaintiff merely alleges "the defendants provided

plaintiff with terms and conditions of employment different from those of similar employees, harassed plaintiff and retaliated against plaintiff for opposing unlawful conduct" (*Id.* ¶ 1 under "Nature of the Action(s)" Heading) and "race and age cannot be ruled out as a motivating factor at this stage of litigation." *Id.* ¶ 3 under "Nature of the Action(s)" Heading. However, despite the foregoing, Plaintiff also specifically states that "they chose to discriminate and retaliate against plaintiff…because plaintiff was *simply a new employee* in comparison to the decisionmakers involved." *Id.* ¶ 6 under "Nature of the Action(s)" Heading (emphasis added). Accordingly, Plaintiff appears to admit that his termination was based on reasons other than his protected class status.

## ARGUMENT

### I. APPLICABLE PLEADING STANDARDS ON A MOTION TO DISMISS

To survive a motion to dismiss under FRCP 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Deciding whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Further, courts "'are not bound to accept as true a legal conclusion couched as a factual allegation,'" and need not accept as true any conclusory allegations. *Id.* at 678, 681 (quoting and citing *Twombly*, 550 U.S. at 554-55). Thus, a plaintiff must plead facts sufficient to demonstrate "more than a sheer possibility that a defendant has acted unlawfully" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (internal citation omitted). That is, FRCP 8 "does not unlock the doors of discovery for

a plaintiff armed with nothing more than conclusions." *Id.* at 678-79; *see Podany v. Robertson Stephens, Inc.*, 350 F.Supp.2d 375, 378 (S.D.N.Y. 2004) ("[D]iscovery is authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he has such a claim.").

The same standard applies to motions to dismiss *pro se* complaints. *See, e.g., Zapolski v. Fed. Republic of Germany*, 425 F.App'x 5, 6 (2d Cir. 2011). Thus, "even pro se plaintiffs asserting civil right claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a right to relief above the speculative level." *Jackson v. N.Y.S. Dep't of Labor*, 709 F.Supp.2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). A *pro se* plaintiff's pleadings must contain "more than an unadorned, the defendant-unlawfully-harmed me accusation." *Iqbal*, 566 U.S. at 678; *see also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) ("[P]ro se status 'does not exempt a party from compliance with relevant rules of procedural and substantive law.'") (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

In the context of an employment discrimination complaint, the "requirement to plead facts is assessed in light of the presumption that arises in the plaintiff's favor under *McDonnell Douglas* [*Corp. v. Green*, 411 U.S. 792 (1973),] in the first stage of the litigation." *Littlejohn v. City of New York*, 795 F.3d 297, 310 (2d Cir. 2015). As such, absent direct evidence of discrimination, to survive a motion to dismiss, a complaint of discrimination "must be *plausibly supported by facts alleged*…that the plaintiff is a member of a protected class, was qualified, suffered an adverse employment action, and has at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Id.* at 311 (emphasis added).

**II.     PRIMA FACIE CASE OF DISCRIMINATION AND RETALIATION UNDER TITLE VII, § 1981, ADEA, NYSHRL AND NYCHRL**

Plaintiff brings various civil rights claims against Classic. Specifically, Plaintiff's Amended Complaint alleges that Classic discriminated against him on the basis of his race and age in violation of Title VII, § 1981, the ADEA, the NYSHRL, and the NYCHRL. Moreover, the Amended Complaint appears to allege that Plaintiff was subjected to unlawful retaliation under Title VII. For the reasons set forth below, Plaintiff's Amended Complaint fails to state a cognizable cause of action against Classic under any theory.

The familiar burden-shifting standard articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), is applicable not only to discrimination claims under Title VII but also to such claims under § 1981, the ADEA, and the NYSHRL. *See Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010) (applying the standard to § 1981 claims); *see Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 167 (2d Cir. 2014) (applying the standard to ADEA claims); *see Brown v. Daikin Am., Inc.*, 756 F.3d 219, 226 (2d Cir. 2014) (applying the standard to NYSHRL claims). As to Plaintiff's NYCHRL claims, Plaintiff must still plausibly plead facts that "[he] has been treated less well than other employees because of [his] protected status; or that discrimination was one of the motivating factors for the defendant's conduct." *Chin v. N.Y.C. Hous. Auth.*, 106 A.D.3d 443, 445 (1st Dep't 2013), *appeal denied*, 22 N.Y.3d 861 (2014); *see also Simmons v. Akin Gump Strauss Hauer & Feld, LLP*, 508 F.App'x 10, 13 (2d Cir. 2013).

To establish a *prima facie* case of discrimination under the *McDonnell Douglas* framework, a plaintiff must show that (1) he is a member of a protected class; (2) he was qualified for the position he held or was performing his duties satisfactorily; (3) he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving

rise to the inference of discrimination. *See Ruiz v. County of Rockland*, 609 F.3d 486, 491-92 (2d Cir. 2010); *see also Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000).

Title VII similarly prohibits retaliation for the assertion of rights protected under those acts. *See* 42 U.S.C. § 2000e-3. A prima facie case of retaliation under Title VII and the NYSHRL[3] requires a plaintiff to demonstrate that (1) he engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action. *See Kelly v. Howard I. Shapiro & Assocs. Consulting Engineers, P.C.*, 716 F.3d 10, 14 (2d Cir. 2013).[4]

### III. PLAINTIFF'S AMENDED COMPLAINT DOES NOT ALLEGE FACTS SUFFICIENT TO STATE A CAUSE OF ACTION FOR DISCRIMINATION OR RETALIATION AGAINST CLASSIC

Plaintiff's claim of discrimination is unsupported as the allegations set forth by Plaintiff in support of such claim are conclusory, and therefore not entitled to be treated as true. *See Iqbal*, 556 U.S. at 681 ("the allegations are conclusory and not entitled to be assumed true"); *Littlejohn*, 795 F.3d at 311 (finding that *Iqbal*'s requirements apply to complaints of discrimination and that a complaint of discrimination must contain facts that "give plausible support to a minimal inference of discriminatory motivation").

Here, Plaintiff does not show any inference of discrimination as the Amended Complaint fails to set forth even a single factual allegation – whether conduct, words spoken or otherwise –

---

[3] The standards for retaliation claims under Title VII, § 1981, the ADEA, and the NYSHRL are the same. *See Betterson v. HSBC Bank, USA, N.A.*, 139 F.Supp.3d 572, 591 (W.D.N.Y. 2015), *aff'd*, 661 F.App'x 87 (2d Cir. 2016).

[4] The elements of retaliation under the NYCHRL differ only in that the plaintiff need not prove any adverse employment action; instead, he must prove something happened 'that would be reasonably likely to deter a person from engaging in protected activity. *See Nieblas-Love v. New York City Hous. Auth.*, 165 F.Supp.3d 51, 70 (S.D.N.Y. 2016). Applying this standard to the case at bar, the outcome is the same as under Title VII.

relating to Plaintiff's race or his age. *See* Amended Complaint *generally*. Plaintiff appears to rely on the allegations that "defendants provided plaintiff with terms and conditions of employment different from those of similar employees" (*See* Amended Complaint ¶ 8 under "Nature of the Action(s)" heading), and "similarly employees of other races, gender, and under the age of 40 are not reprimanded when its time for them to go home" (*See* Amended Complaint ¶ 60) to create an inference of discriminatory animus, but he does not expound on or provide any factual basis regarding such allegations or such alleged similar employees.

While an inference of discrimination may come from more favorable treatment of similarly situated individuals not in plaintiff's protected class, "adverse actions taken against employees who are not similarly situated cannot establish an inference of discrimination." *Littlejohn*, 795 F.3d at 312. Therefore, consistent with the requirements of *Twombly* and *Iqbal*, allegations sufficient to survive a motion to dismiss must demonstrate that the other employees are "sufficiently similar 'to support at least a minimal inference that the difference of treatment may be attributable to discrimination.'" *Hernandez v. City of New York,* No. 11 Civ. 3521 (SJ) (RER), 2013 WL 593450, at *4 (E.D.N.Y. Feb. 13, 2013) (citing *McGuinness v. Lincoln Hall*, 263 F.3d 49, 54 (2d Cir. 2001)); *see also Littlejohn*, 795 F.3d at 312. Here, Plaintiff makes not one allegation regarding the "similar employees" to whom he refers (*See* Amended Complaint *generally*), and thus he relies solely on speculation and conclusory allegations, which are not entitled to be construed as true. *See Iqbal*, 556 U.S. at 681; *see Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 448 (2d Cir. 1999, *as amended on denial of reh.* (Dec. 22, 1999) (Courts must "carefully distinguish between evidence that allows for a reasonable inference of discrimination and evidence that gives rise to mere speculation and conjecture."); *see also Garcia v. Henry St.*

*Settlement*, 501 F.Supp.2d 531, 541 (S.D.N.Y. 2007) ("Speculation, conjecture and guess-work cannot substitute for actual evidence of discrimination.").

Moreover, Plaintiff admits in his Amended Complaint a legitimate basis for Classic's termination of him – namely, that Plaintiff left work early without any security officer present to cover his position despite a directive from Trevor that he not leave.[5] *See* Amended Complaint ¶¶ 49, 54 and 56. This admission demonstrates that Plaintiff was not performing his job satisfactorily and was insubordinate. *See, e.g.*, *Nieves v. Angelo, Gordon & Co.*, 341 F.App'x 676, 679 (2d Cir. 2009) (*Pro se* plaintiff unable to state *prima facie* case of discrimination where she failed to offer any evidence to show her termination was causally connected to her age, and, to the contrary, the record demonstrated she was terminated due to her insubordination and failure to complete assigned tasks.). Moreover, Plaintiff also specifically states in the Amended Complaint that he was discriminated and retaliated against because he "was simply a new employee," which is not a protected class status under any anti-discrimination statute. *See* Amended Complaint ¶ 6 under "Nature of the Action(s)" Heading.

With respect to Plaintiff's retaliation claim, Plaintiff has failed to allege that he engaged in any protected activity under Title VII, § 1981, the ADEA, the NYSHRL, or the NYCHRL. *See* Amended Complaint *generally*. Instead, Plaintiff appears to allege that he was retaliated

---

[5] Plaintiff also fails to address in the Amended Complaint whether or not he complied with his supervisor's request to report to Classic's office, which, if Plaintiff did not comply, would be another act of insubordination. *See* Amended Complaint ¶ 66.

against for complaining to Classic that on one occasion he received his paycheck a day late.[6] *See* Amended Complaint ¶¶ 31, 33, 35 – 37 and 40.

Accordingly, Plaintiff has failed to plead facts sufficient to render plausible even a minimal inference of discrimination or retaliation and his Amended Complaint fails to state a claim.

## IV. PLAINTIFF HAS FAILED TO PLAUSIBLY ALLEGE A HOSTILE WORK ENVIRONMENT

To the extent Plaintiff is claiming that he was subjected to a hostile work environment on the basis of his race or age, he has failed to plead any facts sufficiently severe or pervasive to give rise to a hostile work environment claim under either Title VII, § 1981, the ADEA, or the NYSHRL.

To establish a hostile work environment claim, "[t]he plaintiff must show that the workplace was so severely permeated with discriminatory intimidation, ridicule, and insult that the terms and conditions of her employment were thereby altered." *Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002). Although Plaintiff alleges that Defendants "harassed" Plaintiff, he makes not one factual allegation relating to his race or his age that could infer some form of discriminatory treatment. *See* Amended Complaint *generally*. At most, Plaintiff's allegations focus on (1) receiving his paycheck one day late on one occasion, (2) being instructed to not leave his shift early on one occasion, and (3) being asked to report to the office after being taken off the schedule, none of which – individually or collectively – support a finding of

---

[6] To the extent Plaintiff is attempting to make a claim of retaliation under Section 215 of the New York Labor Law, such claim must be dismissed as time-barred. The applicable statute of limitations for such claims is two years after the date of the violation. N.Y. Lab. Law § 215(2)(a). Plaintiff alleges that the adverse action against him occurred on February 16, 2016 (*See* Amended Complaint ¶ 66), and Plaintiff filed his original complaint in this case on February 23, 2018 (ECF Doc. #2). Accordingly, a retaliation claim under the New York Labor Law is time-barred.

discriminatory intimidation, ridicule, or insult. *See* Amended Complaint *generally*. Courts in this Circuit have consistently rejected hostile work environment claims where the allegations were far more severe or pervasive than the ones made by the Plaintiff. *See, e.g.*, *Beale v. Mount Vernon Police Dep't*, 895 F.Supp.2d 576, 588-89 (S.D.N.Y. 2012) (granting summary judgment for defendant where plaintiff listed multiple incidents in support of her hostile work environment claims that were not sufficiently severe or pervasive to alter the conditions of her employment, including (among others) the following: (1) her supervisor asked her "how do I get hours like yours," implying that plaintiff did a sexual favor for someone to get such favorable hours, (2) her supervisor attempted to humiliate her by asking her to do some "light housekeeping," (3) her supervisor stated "[w]omen are useless" in plaintiff's presence, (4) her supervisor remarked that another female employee was a "fucking bobblehead," and that a female attorney was a "bitch," and (5) her supervisor remarked "[w]omen should not be on this job"); *Brown v. Coach Stores*, 163 F.3d 706, 713 (2d Cir. 1998) (finding occasional racist remarks made by a supervisor insufficient to state a hostile work environment claim); *Costello v. New York State Nurses Ass'n*, 783 F.Supp.2d 656, 679-80 (S.D.N.Y. 2011) (granting defendants summary judgment on plaintiff's hostile work environment claims, which "consisted primarily of being inundated with emails and micromanaged by her supervisors").

Even under the more liberal standard applicable to NYCHRL claims, where the primary issue is whether the Plaintiff has alleged that he has been treated less well than other employees because of his protected characteristic, Plaintiff cannot assert a hostile work environment claim. *See, e.g.*, *Williams v. N.Y.C. Hous. Auth.*, 61 A.D.3d 62, 77-78 (1st Dep't 2009). A review of Plaintiff's Amended Complaint shows that he has failed to assert factual allegations, outside of conclusory allegations, which demonstrate that he was treated "less well" because of his race or

age. *See* Amended Complaint *generally*; *see, e.g.*, *Rozenfeld v. Dep't of Design & Const. of N.Y.C.*, 875 F.Supp.2d 189, 208-09 (E.D.N.Y. 2012) (holding that the few instances alleged by the plaintiff did not demonstrate animus and were too minor to meet NYCHRL's hostile work environment standard), *aff'd* 522 F.App'x 46 (2d Cir. 2013).

In addition, "the NYCHRL, like Title VII and the NYSHRL, is still not a general civility code, and petty slights and trivial inconveniences are not actionable." *Davis-Bell v. Columbia Univ.*, 851 F.Supp.2d 650, 671 (S.D.N.Y. 2012) (internal quotation marks omitted) (granting summary judgment to defendants on plaintiff's NYCHRL hostile work environment claim where "[p]laintiff could not point to a single instance where anyone said anything related to [p]laintiffs sex" [*sic.*] and plaintiff failed to offer any evidence from which a reasonable jury could infer that any of the alleged incidents occurred because of plaintiff's gender). Accordingly, Plaintiff also fails to plausibly plead a hostile work environment.

## V. PLAINTIFF SHOULD NOT BE GIVEN FURTHER LEAVE TO REPLEAD

The Second Circuit has stated that "[a] *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Regnante v. Sec. & Exch. Officials*, 134 F.Supp.3d 749, 773-74 (S.D.N.Y. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)). On the other hand, leave to amend may be denied where the proposed amendment would be futile, including where the court is "confident that Plaintiff cannot surmount the many legal hurdles" he faces. *Id*. at 774.

Here, in the event Plaintiff seeks leave to file yet another amended pleading, his application should be denied. First, Plaintiff has already filed an amended complaint (ECF Doc. #7) based on the Court's Order to Amend dated April 2, 2018 (ECF Doc. #4) ("Order to Amend") – it is entirely unclear how granting Plaintiff another opportunity to amend his

complaint would yield a different result. Second, in the Order to Amend, the Court specifically instructed Plaintiff to include within his Amended Complaint all relevant facts to support his claims. Finally, in any event, Plaintiff's legal theories are simply not cognizable given his allegations, and any further attempt to further amend his pleading would be futile.

Accordingly, Plaintiff's Amended Complaint should be dismissed without leave to amend.

### CONCLUSION

Classic respectfully submits that this Court should dismiss the Plaintiff's Amended Complaint in its entirety with prejudice, and without further leave to amend, and should award Classic such other and further relief as is just and proper.

Dated: New York, New York
November 9, 2018

                                 TANNENBAUM HELPERN SYRACUSE
                                 & HIRSCHTRITT LLP

                                 By: */s/ Andrew W. Singer*
                                       Andrew W. Singer
                                       Andrew P. Yacyshyn

                                   900 Third Avenue
                                   New York, New York 10022
                                   Telephone: (212) 508-6700
                                   Facsimile: (212) 371-1084
                                   singer@thsh.com
                                   yacyshyn@thsh.com

                                   *Attorneys for Defendant Classic Security, LLC*

To:    Robert Williams
        P.O. Box 246
        Bronx, NY 10467
        *Plaintiff Pro Se*