UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK        X

ROBERT WILLIAMS,

    Plaintiff,

V.

CLASSIC SECURITY, ET AL.,

    Defendant.

_____X

18-CV-1691 (JPO)

Plaintiff's Memorandum of Law

In Opposition to Defendant's

Motion to Dismiss

RECEIVED
SDNY PRO SE OFFICE
2019 FEB 25 AM 9: 26

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-25-19

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS

COMES NOW, ROBERT WILLIAMS ("plaintiff") and submits its opposition to Motion to Dismiss in accordance to Rule 12(b) (6).

**PRELIMINARY STATEMENT**

This case is about violations of Civil Rights, violations of Federal and New York State Laws due to Classic Security et al, ("defendant's") failure to comply with such non-negotiable standards via arbitrary, capricious, malicious, willful and intentional lack of discernment for a human being, that has legal rights.

This case addresses Race and Age Discrimination, Equal Rights under the Law and Retaliation. In opposition, plaintiff has demonstrated in his Amended Complaint via the courts prescreening the pleading requirements has been satisfied and met to inform the defendants what this litigation entails. The accredited Amended Complaint was deemed adequate to have them

1

served with a Summons and Complaint via The United States Marshal undermining any argument the complaint is deficient.

Under the circumstances as this, a Complaint that involves civil rights, constitutional rights and human rights should never be dismissed by defendants claim the complaint has failed to put them on notice or is deficient. It might not be to their affection however Simply, when one argues a complaint is lacking and what has not been positioned, is nothing more, than an admission the complaint has put us on notice. The defendant would like this government to ignore its mandated role to protect core fundamental human rights by not performing an investigation.

For example, plaintiff reasonably concludes, the defendant's argument does not entail we do not understand the Amended Complaint, we have no idea what he is complaining about. We have no understanding of who is involved, we have no understanding of how the circumstances unfolded, we do not know when the incidents occurred, we clearly do not know where these incidents occurred, and we absolutely do not understand how these incidents could have occurred.

If you fill in any perceived unsubstantiated or substantiated deficiency you know what the complaint is about. You have filled in the blanks. You have been put on notice. Further, since one can fill in the blanks, it supports the complaint has been construed, at bare minimum, to raise the strongest argument it suggests, pronouncing the court standard for pro- se litigants.

Moreover, to attempt to minimize and trivialize what the plaintiff was subjected too as if he has no rights and is not entitled to a full investigation, to gather more evidence, and equality

before the law, under the circumstances their motion to dismiss is nothing more to delay and harass.

Beyond this, an inference of discrimination is an objective standard that rest on fairness and impartiality pursuant the circumstances one has been subjected too. Significantly, since there are multiple ways to determine if discrimination and retaliation has occurred. The attempt by defendant to ask the court to use a subjective standard inferring absolutely no discrimination or retaliation has occurred and plaintiff would not be able to prove any of the multiple ways discrimination and retaliation occurred is illogical, violates domestic standards, civil, constitutional rights and international human rights which demands domestic government to remedy the situation.

This Amended Complaint by all appropriate standards, civil rights, constitutional rights and human rights substantiates their motion must be dismissed in navigation of a full investigation, at bare minimum, juridical personality and civil rights in aide to redress the wrong.

**LEGAL STANDARD**

"A motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014).[1] As here, the court issued an Order to Amend Complaint after prescreening. Plaintiff's Amended Complaint was again prescreened and determined it puts the defendants on notice of this litigation.

Within the scope of Rule 8(a)(2), A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and

---

[1] Since all circuit courts are to reflect the same reviewing standards Plaintiff will use 7th Circuit.

3

plain statement under this specific rule must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Presented another way, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face". *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. (2009).

In determination, the adequateness of a complaint under plausibility, courts must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff's favor." *Robert's v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).[2] In title V11 cases, as here, the pleading standards are "different from the evidentiary burden a plaintiff must subsequently meet." *Huri v. Office of the Chief Judge of the Circuit Court of Cook Ctny.*, 804 F.3d826, 834 (7th Cir. 2015) (quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511 (2002)). In other words, and, as within here, one who describes which includes all the relevant details of one's experience must be plausible under the applicable standards and applicable rights.

## TITLE V11 CLAIMS – EQUAL RIGHTS UNDER THE LAW § 1981

### 1. RACE DISCRIMINATION

In Title V11 cases, the pleading standards are "different from the evidentiary burden a plaintiff must subsequently meet." *Huri*, 804 F.3d at 834. Without ambiguity, plaintiff need not allege the *prima facie* elements of a discrimination claim because ~~it is an evidentiary~~ it is an evidentiary standard, not

---

[2] The well-pleaded inference does not support a complaint must be artistically presented.

4

a pleading requirement. *Swierkiewicz v. Sorema,* 534 U.S. 506, 510, 122 S. Ct. 992, 152 L.Ed 2d 1 (2002); *Luevano v. Wal-Mart Stores Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013) (Neither *Iqbal* nor *Twombly* overruled *Swierkiewicz*, it is the courts duty to apply Supreme Court's precedents).

A plaintiff pleading a race discrimination claim need only allege that his employer committed an adverse employment action based on plaintiff's race, which plaintiff has done here.

More, being taken off the work schedule, under the circumstances, set forth in complaint is a suspension/termination a humiliating and degrading experience which rises to unwarranted. A significant change in employment status. *Andrew's v. CBOCS West Inc.,* 743 F.3d 230, 235 (7th Cir. 2014). Such changes can involve the employee's current wealth, his career prospects, or change to work conditions that include humiliating, degrading, unsafe, unhealthy, or significant alteration in the work place. *Lewis v. City of Chi.*, 496 F.3d 645, 653 (7th Cir.).

It is also an adverse act if one employment file has been contaminated with undeserved disciplinary write-ups. It alters on how the employee is generally perceived and for future promotional opportunities that require no disciplinary write-ups. Or even, if a reduction of the work force is necessary which negative paper trails demonstrate support of selected employees to terminate.

Always the more, a court does not have the ability to sense the "temperature" or the "atmosphere" of the work environment in consideration of some environments are mature, professional and respectful while others are

immature, unprofessional and disrespectful or any combination of. Accordingly, adverse action is a negative consequence in definition.

Plaintiff pleads no other employee is reprimanded when its time for them to go home. Plaintiff pleads his position is a stand down position that require no relief, plaintiff pleads he was told he could not leave until his relief comes in when it was time to go home and plaintiff pleads he was taken off the work schedule (suspension/termination) although plaintiff did not violate any company policy. Under these circumstances. At bare minimum, these are adverse actions and can never be deemed positively or disrespectfully, in meaning, this is nothing towards plaintiff because it does not rise to an adverse action.

If one needed to speak to plaintiff about any concerns being removed from the schedule was not necessary, under the circumstances, plaintiff was not involved in any gross misconduct let alone misconduct.

## 2. AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967

Regarding age discrimination plaintiff pleads he is within the protected class of workers over 40 years old, he pleads he was subject to an adverse action, he pleads he was qualified for position and he pleads he was replaced by a younger person.

The ADEA protects employees who are 40 years of age or older, and it protects them from replacement by, or favorable treatment given to, significantly younge*r employees, 29 U.S.C. § 631(a); O'Connor v. Consolidated Coin Caterers Co.,* 517 U.S. 308, 312 (1996). It is also important to note significantly younger is

implied as six or more years. *Grosjean v. FirstEnergy Corp.*, 349 F.3d 332, 340 (6th Cir.).[3]

### 3. RETALIATION

Plaintiff alleges a Title VII retaliation claim under 42 U.S.C. § 2000e-3(a). More specifically, Plaintiff alleges that Defendant retaliated against him for participating in a protected activity. To plead a Title VII retaliation claim, a plaintiff must state that he engaged in statutorily protected activity and was subjected to a materially adverse action as a result. *Huri*, 804 F.3d at 833; *Luevano*, 722 F.3d at 1029. "In the retaliation context, 'adverse employment action' simply means an employer's action that would dissuade a reasonable worker from participating in protected activity.'" *Huri*, 804 F.3d at 833 (citation omitted). Here, Plaintiff alleges he complained of racial discrimination in the context of Defendants failing to pay him in a timely manner just as all other employees and it being unlawful in accordance to Department of Labor,

Defendants retaliated by denying him other job opportunities and changing the terms and conditions of his employment. Viewing the facts and all reasonable inferences in his favor, Plaintiff alleges that the statutorily protected activity was his complaints of race discrimination and that the materially adverse action was the changed terms and conditions of employment and the denial of job opportunities.

---

[3] Since all circuit courts are to reflect the same reviewing standards Plaintiff will use 6th Circuit.

7

Although Plaintiff's allegations do not specify the exact job opportunities that Defendants allegedly denied him, at this stage of the proceedings, Plaintiff has plausibly alleged a Title VII retaliation claim. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014) (to state a facially plausible claim, a 'plaintiff must include 'enough details about the subject-matter of the case to present a story that holds together.") (citation omitted); *Huri*, 804 F.3d at 833 ("Plausibility does not mean probability: a court reviewing a 12(b)(6) motion must 'ask itself could these things have happened, not did they happen.'") (quotation marks omitted, emphasis in original).

### 4. JOINT-EMPLOYER DOCTRINE

It is undeniable plaintiff as an employee is protected by the Fair Labor Standards Act ("FLSA"). The determination of whether an employer-employee relationship exists for purposes of the FLSA should be grounded in "economic reality rather than technical concepts," *Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33, 81 S.Ct. 933, 6 L.Ed.2d 100 (1961) (internal quotation marks omitted),

Under the Economic Realities Test, S.L. Green qualifies as Williams employer as a Matter of Law. S.L exercised sufficient formal and functional authority over plaintiff. Defendant had the undisputed power to hire and fire at will agency employees referred to work on corporate premises; Defendant supervised and controlled agency employees' on-site work schedules and

conditions of employment; and defendant-maintained employment records confirming referred workers' certifications and the shifts they worked.

The fact that the referral agencies themselves may have exercised "ultimate" authority in these areas does not alter the fact that defendant also exercised some authority which helps establish the economic reality of its status as a joint employer. *Bonnette v. Calif. Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir.1983) (serving that joint employer's exercise of limited or occasional control did not remove employment relationship from protections of the FLSA).[4]

## EQUALITY UNDER THE LAW AND JUDICIAL PROTECTION LEGAL STANDARD

It is undeniable, a discrimination complaint is the beginning of litigation. The presumption of the complaint must benefit and must be viewed favorably of the plaintiff's tiniest goal to demonstrate biased objective.

A plaintiff cannot be held to a standard that infers they must allege additional averments in the complaint than would be needed to conquer a defendant's motion for summary judgment made before the defendant's presenting their non-biased business rational.

If direct evidence of discrimination is not present, plausibility rests on the plaintiff alleges one is a member of a protected class, was qualified, suffered an adverse employment action, and actions minimally in support the defendant was moved by an intent that reflects discrimination. In other words, an inference of discrimination.

---

[4] Since all circuit courts are to reflect the same reviewing standards Plaintiff will use 9th Circuit

More, the plaintiff does not have to allege plausible support of the adverse employer action was attributable to discrimination. As within here, he only needs plausible minimal support of inference of discriminatory inducement.

Regarding this standard, the plaintiff's numerous inferential allegations are adequate under the circumstances give rise to an inference of discrimination. Among other things, plaintiff did not engage in any conduct which violated company policy, let alone, warrant suspension/ termination. The stated reason from being removed from work schedule was pretextual, since plaintiff alleges he did not violate any company policy. Plaintiff alleges the very same person who he complained about to (Jerimiah) was the one who removed him from schedule. Therefore, raising the impartiality and inference of discrimination of decisionmakers. Plaintiff also did not have a relief for this position and could stand down on or around 7:45 am to change out of uniform and leave. This was inherited from the first day plaintiff worked at this specific site, making it common knowledge for SL and Classic personnel.

At bare minimum, deviation from company policy, disbelief or mendacity, performance history, severe punishment, shoddy or no investigation, subjective criteria, all inferred in complaint, give rise to an inference of discrimination. More and always, these inferences of discrimination rise to the level of being able to create a genuine issue of material fact to survive a motion for summary judgment under equality of the law and the court's protection.

**CONCLUSION**

"The international protection of the rights of man should be the principal guide of an evolving American law". Respecting the United States Government agreed upon acknowledgement of the "dignity of the individual and the rights of man" which regulates human

society is the ultimate standard. The defendant(s) is asking this government to dishonor such directive and universal legal standard guide.

Dated: February 25, 2019

Respect

Robert Williams