UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
ROBERT WILLIAMS,                                             :
                                                             : Case No.: 18-cv-1691 (JPO)
                    Plaintiff,                               :
                                                             :
            v.                                               :
                                                             :
CLASSIC SECURITY,                                            :
S.L. GREEN REALTY,                                           :
                                                             :
                    Defendants.                              :
                                                             :
------------------------------------------------------------ X


# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT CLASSIC SECURITY, LLC'S MOTION TO DISMISS THE AMENDED COMPLAINT

TANNENBAUM HELPERN SYRACUSE
& HIRSCHTRITT LLP

Andrew W. Singer
Andrew P. Yacyshyn
900 Third Avenue
New York, New York 10022
Telephone: (212) 508-6700
Facsimile: (212) 371-1084
singer@thsh.com
yacyshyn@thsh.com

*Attorneys for Defendant Classic Security, LLC*

Dated: March 11, 2019

## PRELIMINARY STATEMENT

Moving Defendant Classic Security, LLC ("Classic") respectfully submits this reply memorandum of law in further support of its motion to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

As set forth below, Plaintiff's Memorandum of Law in Opposition to Classic's Motion to Dismiss – even if liberally construed to allege properly-pled facts – fails to remedy the defects in his Amended Complaint. Accordingly, the Amended Complaint should be dismissed.

## ARGUMENT

### I.  APPLICABLE PLEADINGS STANDARDS FOR PRO SE PLAINTIFFS

Plaintiff's opposition papers do not (and could not) cast any doubt upon the well-settled principal in this Circuit that employment discrimination plaintiffs, including pro se plaintiffs, must plead *facts* sufficient to raise at least a minimal inference of discrimination, and that conclusory allegations are not entitled to be treated as true. *See* Point I of Classic's Memorandum of Law in Support of its Motion to Dismiss. Even in pro se cases, where a complaint may be construed liberally to raise the strongest arguments it suggests, conclusory allegations are not construed as true and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *See, e.g. Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010); *see also* Point I of Classic's Memorandum of Law in Support of its Motion to Dismiss.

### II.  PLAINTIFF FAILS TO PLEAD ANY FACTS SUFFICIENT TO RENDER PLAUSIBLE EVEN A MINIMAL INFERENCE OF DISCRIMINATION OR RETALIATION

Plaintiff still fails to allege any facts – whether conduct, words spoken or otherwise – relating to Plaintiff's race or his age. Rather, Plaintiff's Amended Complaint and opposition

papers are full of speculation and conclusory allegations, which are not entitled to be construed as true. *See* Point III of Classic's Memorandum of Law in Support of its Motion to Dismiss.

For example, with respect to his age discrimination claim, Plaintiff solely alleges that he was replaced by a younger individual. *See* Point 3 of Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss. However, as discussed in Point III of Classic's Memorandum of Law in Support of its Motion to Dismiss, Plaintiff provides no factual detail regarding this allegedly younger individual or how such individual is similarly situated to Plaintiff, and Plaintiff is unable to demonstrate even a minimal inference of age discrimination based on such conclusory allegation. *See, e.g., Marcus v. Leviton Mfg. Co., Inc.*, 661 F.App'x 29 (2d Cir. 2016) (Affirming dismissal of plaintiff's age discrimination claims where plaintiff's amended complaint alleged, among other things, that defendant sought to replace plaintiff with someone less experienced and, on information and belief, replaced plaintiff with a younger employee, but plaintiff failed to offer the new employee's age or any other facts that would support an inference of age discrimination. "Without more, the mere fact that an older employee was replaced by a younger one does not plausibly indicate discriminatory motive.").[1]

In addition, Plaintiff's opposition states that he complained of racial discrimination in the context of Classic's failure to pay Plaintiff in a timely manner. *See* Point 3 of Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss. Plaintiff seems to be claiming that he was paid late because of his race and was retaliated against for complaining about being paid late but sets forth not one factual allegation to support that claim. *See* Amended

---

[1] The plaintiff in *Marcus* also alleged that the defendant was attempting to get "younger" by terminating older employees and replacing them with younger hires, but plaintiff provided only a single name and offered no dates, ages, or reasons with respect to the termination of other employees. 661 F.App'x at 32. The Second Circuit, citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), found that "[s]uch skeletal pleading provides no more than 'naked assertions devoid of further factual enhancement' and does not allow the court to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.*

Complaint and Plaintiff's Opposition to Defendant's Motion to Dismiss *generally*. Plaintiff's actual dispute with Classic seems to be centered around an alleged claim under the New York Labor Law – Plaintiff's claim that Classic paid him late on one occasion – which Classic addressed in Point III of its Memorandum of Law in Support of its Motion to Dismiss.

Accordingly, Plaintiff's discrimination and retaliation claims against Classic should be dismissed.

### III. PLAINTIFF SHOULD NOT BE GRANTED FURTHER LEAVE TO REPLEAD AND THE AMENDED COMPLAINT SHOULD BE DISMISSED

Even if the Court construes Plaintiff's Amended Complaint as liberally as possible and uses Plaintiff's opposition to bolster Plaintiff's allegations, Plaintiff is unable to state a claim of discrimination or retaliation given the lack of any factual allegations regarding his race or age. *See Regnante v. Sec. & Exch. Officials*, 134 F.Supp.3d 749, 773-74 (S.D.N.Y. 2015) (the Court dismissed the action and determined that granting leave to amend would be futile even after liberally construing plaintiff's amended complaint and opposition to defendant's motion to dismiss). Accordingly, Plaintiff's Amended Complaint should be dismissed and he should not be granted further leave to amend.

### CONCLUSION

Classic respectfully submits that this Court should dismiss the Plaintiff's Amended Complaint in its entirety with prejudice and should award Classic such other and further relief as is just and proper.

Dated: New York, New York
      March 11, 2019

                              TANNENBAUM HELPERN SYRACUSE
                              & HIRSCHTRITT LLP

                         By: _/s/ Andrew W. Singer_____
                              Andrew W. Singer
                              Andrew P. Yacyshyn

                              900 Third Avenue
                              New York, New York 10022
                              Telephone: (212) 508-6700
                              Facsimile: (212) 371-1084
                              singer@thsh.com
                              yacyshyn@thsh.com

                              *Attorneys for Defendant Classic Security, LLC*

To:    Robert Williams
        P.O. Box 246
        Bronx, NY 10467
        robteach2008@yahoo.com
        *Plaintiff Pro Se*